IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| | § | Cr. No. C-01-135 |
| v. | § | |
| | § | |
| CHARLES A. FANTOZZI. | § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR APPOINTMENT OF COUNSEL**

Charles A. Fantozzi was convicted and sentenced by United States District Judge Janis Graham Jack, and judgment in his criminal case was entered on March 14, 2002. (D.E. 29). He appealed from the judgment and United States Magistrate Judge Jane Cooper-Hill appointed Albert Anthony Pena III to represent him on appeal. (D.E. 50, 51).

The Fifth Circuit affirmed Fantozzi's conviction and sentence in an unpublished *per curiam* opinion issued on May 25, 2005. (D.E. 62; United States v. Fantozzi, No. 04-40700 (5th Cir. May 25, 2005)). In the same order, the Fifth Circuit denied Fantozzi's motion for substitute counsel on appeal or, alternatively, for an extension of time to proceed *pro se* on appeal. (D.E. 62 at 2). To date, the Fifth Circuit's docket sheet does not reflect that a petition for writ of certiorari has been filed, nor has his counsel sought leave to withdraw.

1

On August 8, 2005, the Clerk received from Fantozzi a letter motion addressed to United States District Judge Janis Graham Jack, which has been docketed as a motion for appointment of counsel on appeal. (D.E. 62). In his letter, he asserts various complaints about Mr. Pena's representation of him on appeal. For example, he claims that Mr. Pena failed to communicate with him during the pendency of his appeal, and failed to provide him with a copy of the appellate decision. He also claims that Mr. Pena refuses to accept his phone calls and refuses to answer his letters. He explains that he has "only a few more days left in which to file a petition for a writ of certiorari and I am being told I can't file it myself." (D.E. 64 at 2). He asks the District Court to appoint him new counsel on appeal. For the reasons set forth herein, Fantozzi's motion is DENIED.

As an initial matter, requests for substitute counsel on appeal should be addressed to the appellate court. Notably, the Fifth Circuit has already ruled on Fantozzi's previous request for substitute counsel and denied that motion.

Moreover, to the extent Fantozzi claims that he is entitled to new counsel or other relief because Mr. Pena has failed to file a petition for writ of certiorari, his claim is not yet ripe. The Fifth Circuit's decision was issued May 25, 2005. The period for Fantozzi to file a petition for writ of certiorari expires 90 days after that

date, or on August 23, 2005.  See S. Ct. R. 13(1); Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003).

If, as he appears to be claiming, Fantozzi has made a written request of Mr. Pena to file a petition for writ of certiorari, then Mr. Pena has an obligation to assist him in doing so.  See United States v. James, 990 F.2d 804, 805 (5th Cir. 1993) (citing Wilkins v. United States, 441 U.S. 468 (1979) and United States v. Sotelo, 778 F.2d 1125 (5th Cir. 1985)).  Failure to do so or, alternatively, to request leave to withdraw, can constitute sanctionable conduct.  James, 990 F.3d at 805 (citing Sotelo, 778 F.2d at 1127 n.3).

As noted, however, the time for filing Fantozzi's petition has not yet expired.  Thus, it remains to be seen whether Fantozzi would be entitled to any relief for a failure to timely file a petition, because no such failure has yet occurred.[1]  For the foregoing reasons, his motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

Finally, to the extent that Fantozzi's complaints concerning his counsel's conduct on appeal can be construed as a claim of ineffective assistance of counsel on appeal, the proper vehicle for such claims is a motion pursuant to 28 U.S.C.

---

[1] In both Sotelo and James, the Fifth Circuit found that counsel had failed to timely file a petition for certiorari despite a written request from the defendant that one be filed.  In both cases, the Fifth Circuit vacated and reinstated its judgment, which restarted the 90-period for filing a petition for certiorari.  Any similar relief would have to be granted by the Fifth Circuit, not the District Court.

§ 2255, which Fantozzi has not filed. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the undersigned declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

## CONCLUSION

For the reasons set forth herein, Fantozzi's letter motion for appointment of counsel is DENIED. The Clerk is directed to send copies of this Order to both Fantozzi and to Mr. Pena, as well as to the United States Attorneys Office.

It is ORDERED this 15th day of August, 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE