IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-135 |
| | § | C.A. No. C-06-386 |
| CHARLES ANTHONY FANTOZZI, | § | |
|     Defendant/Movant. | § | |

**ORDER EXTENDING TIME FOR MOVANT TO FILE REPLY AND
ORDER DENYING MOTION TO BE REPRESENTED BY FELLOW INMATE**

On September 5, 2006, the Clerk received Movant Charles Anthony Fantozzi's ("Fantozzi") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court ordered the government to respond, and, in the same order, instructed that "Fantozzi may file a reply not later than thirty days after service of the government's answer." (D.E. 73).

The government filed its answer and motion to dismiss on November 6, 2006. (D.E. 75, 76). The certificate of service on that document indicates that it was mailed to Fantozzi via certified mail on the same date. Thus, under the Court's prior order, Fantozzi has until December 11, 2006 to file his reply. On December 1, 2006, the Court received from Fantozzi a motion requesting leave to file a "rebuttal" to the government's motion to dismiss. (D.E. 77). No such leave is required in light of the Court's prior order. Nonetheless, the Court construes Fantozzi's motion as a request for additional time to file his reply and that motion is GRANTED. Fantozzi shall file his response to the government's motion to dismiss not later than thirty days after entry of this Order.

Before the government filed its response, Fantozzi also filed a document titled as a "Motion Requesting Leave to Correspond With a Federal Inmate Who Is Licensed Paralegal for Purpose of Defendant's Motion Under 28 U.S.C. § 2255." (D.E. 74). In it, he asks for the Court's permission to correspond with an inmate who has been assisting him with his § 2255, Robert Alton Harris, Jr.

1

Although he and Harris are currently incarcerated at the same institution, Fantozzi states that one of them is supposed to be transferred soon. Fantozzi claims that he needs to be able to correspond with Harris in order to prosecute his § 2255 motion. Fantozzi also makes the related request that the Court send Harris a copy of all documents in these proceedings and allow Harris to submit documents to the Court on Fantozzi's behalf.

Fantozzi is appearing in this § 2255 proceeding *pro se*, and has, to date, signed all of his filings in this case. He is not represented by counsel. Even if Harris is a "licensed paralegal" who has been assisting Fantozzi, he is not an attorney and does not represent Fantozzi in these proceedings. Thus, Harris may not file documents on Fantozzi's behalf without Fantozzi's signature (see Fed. R. Civ. P. 11(a) (requiring every pleading, written motion and other paper to be signed by the party, if the party is not presented by an attorney); cf. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 2(b)(5) (allowing § 2255 motion to be filed by inmate or by a person authorized to sign it for the movant); id. at 2004 Advisory Committee Notes (an attorney of record or "next friend" are examples of who may be authorized to sign on behalf of a movant).[1] Moreover, because he is neither a party nor an attorney of record, he is not entitled to automatically receive notice of filings in Fantozzi's case. Accordingly, Fantozzi's motion is DENIED. Fantozzi may correspond with Harris to the extent the Bureau of Prisons typically allows inmate to inmate correspondence, and with any typical restrictions placed on such correspondence by the Bureau of Prisons.

---

[1] The 2004 advisory committee notes to Rule 2(b)(5) refers to Whitmore v. Arkansas, 495 U.S. 149 (1990) for the analysis of who would have standings as a "next friend" to file a motion on a defendant's behalf). The Whitmore noted that in order to proceed as a next friend, the real party in interest must be unable to appear on his own behalf to prosecute the action, such as because of inaccessibility, mental incompetence or other disability. 495 U.S. at 163-64. Fantozzi makes no allegation of being mentally incompetent, disabled, or otherwise unable to prosecute his § 2255 himself. Rather, he simply wants the assistance of Harris. This is insufficient to allow Harris to file pleadings on his behalf.

2

## **CONCLUSION**

For the foregoing reasons, Fantozzi's motion for leave to file a reply and for extension of time to do so (D.E. 77) is GRANTED. Fantozzi shall file his reply not later than thirty days after entry of this Order. Fantozzi's motion concerning inmate Harris (D.E. 74) is DENIED.

ORDERED this 21st day of December, 2006.

_____
Janis Graham Jack
United States District Judge